IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


CHARLES TORNS, JR.                                         PETITIONER


VS.                              CIVIL ACTION NO. 3:00-cv-905-WHB


STATE OF MISSISSIPPI                                       RESPONDENT

<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Petitioner, Charles Torns, Jr. ("Torns") for Relief from Judgment, which is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As Torns is proceeding on his motion *pro se*, his pleadings have been liberally construed. <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the Motion, attachments to the pleadings, as well as supporting and opposing authorities, and finds that the Motion is not well taken and should be denied.


I.  **Procedural History**

On November 29, 2000, Torns filed a Petition under 28 U.S.C. § 2254 challenging his convictions in state court for mail fraud and uttering forgery. The Petition was dismissed by this Court as time-barred on August 28, 2001. The decision of this Court was ultimately appealed to the United States Court of Appeals for the Fifth Circuit, and was docketed as No. 01-60939. On November 22,

2002, the Fifth Circuit granted Torns's request for a Certificate of Appealability.  The Fifth Circuit thereafter reversed the decision of this Court, and remanded the case for further consideration on the issue of whether the post-conviction applications filed by Torns in state court on February 17, 1998, and April 15, 1999, tolled the one-year limitations period for seeking habeas corpus relief under 28 U.S.C. § 2254.  See Torns v. Mississippi, No. 01-60939, 2002 WL 31730353, at *1 (5th Cir. Nov. 22, 2002).

After remand, and upon further consideration as required by the decision of the Fifth Circuit, this Court again dismissed Torns's 2254 Petition as time-barred on February 7, 2003.  Torns again appealed to the Fifth Circuit, which, on August 17, 2004, denied his request for a Certificate of Appealability.  See Torns v. Mississippi, No. 03-60781, slip op. at 2 (5th Cir. Aug. 17, 2004).  Torns has now moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure from the prior decisions of this Court by which his habeas petition was dismissed.

## II.  Discussion

Through his "Report to the Court", Torns requests that his Motion for Relief from Judgment be granted as confessed pursuant to the Local Rules of this Court.  See Report to the Court [Docket No. 72].  Under the Local Rules, the Court may grant certain motions as

2

confessed in cases in which a party fails to respond to the motion in the permitted time period.  <u>See</u> MS. R. USDCT Rule 7.2(c).  After reviewing the record and pleadings in this case, and based on the nature of relief requested, the Court finds that Local Rule 7.2(c) should not be applied.  Accordingly, the Court denies Torns's request to grant his Motion for Relief from Judgment as confessed.

In support of his Motion for Relief from Judgment, Torns first argues that relief from the prior judgments of this Court is warranted under the decisions of the United States Supreme Court in <u>Gonzales v. Crosby</u>, --- U.S. ---, 125 S. Ct. 2641 (2005) and/or <u>Lawrence v. Florida</u>, --- U.S. ---, 127 S. Ct. 1079 (2007).  After reviewing the referenced opinions, the Court finds that neither entitles Torns to the relief he requests.  <u>See</u> <u>Gonzales</u>, 125 S. Ct. 2641 (discussing whether a motion brought pursuant to Rule 60(b) should be treated as a successive petition for habeas corpus relief); <u>Lawrence</u>, 127 S. Ct. 1079 (discussing whether the one-year statute of limitations for seeking habeas corpus relief is tolled during the pendency of a petition for certiorari to the United States Supreme Court).

Second, Torns argues that relief from the prior judgments of this Court is warranted under Rule 60(b) of the Federal Rules of Civil Procedure based on certain acts of fraud perpetrated by Respondent in this case.  Specifically, Torns argues that the Respondent committed fraud against him and the courts by

deliberately omitting certain pleadings from the record in this case. See Mot. for Relief from J., at 4.

Under Rule 60(b) of the Federal Rules of Civil Procedure:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

....

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

....

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Id. at 60(c). Additionally, the Rule "does not limit a court's power to ... set aside a judgment for fraud on the court." Id. at 60(d)(3).

In the present case, the judgments from which Torns seeks relief were entered on August 28, 2001, and February 7, 2003. Under the plain language of Rule 60(c), Torns was required to file his motion for relief from those judgments on the grounds of fraud within one year of the date on which they were entered. As Torns did not file the subject Motion for Relief from Judgment until February 14, 2008, the Court finds the Motion, to the extent it seeks relief under Rule 60(b)(3), must be denied as untimely. See

4

FED. R. CIV. P. 60(c).  See also Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 871-72 (5th Cir. 1989) (finding that a Rule 60(b)(3) was correctly denied in a case in which the motion was filed more than one year after the final judgment was entered by the district court).

Torns also argues that he is entitled to relief under Rule 60(b) because of the alleged fraud committed by Respondent on the Court.  On this issue, the Fifth Circuit has held that relief under Rule 60(b)(6) "based on 'fraud upon the court' is reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  Wilson, 873 F.2d at 872 (citations omitted).  See also id. (explaining that the concept of fraud on the court "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.") (citations omitted).  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."  Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted).  "Less egregious misconduct, such as nondisclosure to the court of facts

allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." Id. (citations omitted).

In the present case, the Court finds that the complained of conduct on the part of Respondent does not rise to the level of fraud on the court.  Instead, the Court finds that the alleged conduct, if true, amounts to "less egregious conduct", see Rozier, 573 F.2d at 1338 (finding that the nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court), and is, therefore, governed by Rule 60(b)(3).  See Wilson, 873 F.2d at 872 ("Less egregious misconduct comes within the scope of Rule 60(b)(3)."). As explained above, for a motion under Rule 60(b)(3) to be timely, it must be filed within one year of the date on which the final judgment from which relief is sought is entered.  Again, as Torns's Motion for Relief from Judgment was filed more than one year after the date on which the final judgments were entered in this case, it must be denied as untimely.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Petitioner's Motion for Relief from Judgment [Docket No. 69] is hereby denied.

SO ORDERED this the 25th day of July, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

6