```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**CHARLES TORNS, JR.**                                                     **PETITIONER**

**VS.**                                        **CIVIL ACTION NO. 3:00-cv-905-WHB**

**STATE OF MISSISSIPPI**                                                   **RESPONDENT**


## OPINION AND ORDER

This cause is before the Court on the Motion of Petitioner, Charles Torns, Jr. ("Torns") for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and for Recusal pursuant to 28 U.S.C. § 144.  As Petitioner is proceeding *pro se*, his pleadings have been liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Through his current motion, Torns requests that the undersign judge recuse himself from further involvement in this case pursuant to 28 U.S.C. § 144.  This statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Under Section 144, a district judge must recuse himself if it is shown, by affidavit, that he "has a personal bias or prejudice either against [the movant] or in favor of any adverse party." See also 28 U.S.C. § 455(b) (requiring recusal of a district judge in cases in which the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."). Importantly, to warrant recusal, the basis of the purported bias or prejudice "must be extra-judicial." Davis v. Board of Sch. Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975). See also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); United States v. Merkt, 794 F.2d 950, 960 n.9 (5th Cir. 1986) (finding that an affidavit is legally sufficient for the purposes of 28 U.S.C. § 144 if it satisfies the following three-part test: "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that bias exists; and (3) the facts must show that the bias is personal, rather than judicial, in nature.") (citations omitted).

In support of his Motion to Recuse, Torns submitted an Affidavit in which he avers, among other things:

> That the district judge, has with the Mississippi Attorney General, in an implied agreement, constructive knowledge, applied the above constitutional provision of the United States Constitutions and Federal Laws, under the color of law, cloak of the United State Judiciary Article 3, contrarily, capriciously, arbitrarily and in violation of the 1st, 5th and 14th Amendment of the United States Constitution, and Article I, III and V of the Constitutions, and in a manner unconstitutionally, and in a manner rendering, these United States Constitutional provisions and Federal Laws, unconstitutional.

See Mot. to Recuse [Docket No. 74], Ex. 1 (Petitioner's Sworn Aff.), at ¶ 5. Having reviewed Torns's Affidavit, the Court finds that he has failed to make a showing of extra-judicial bias or prejudice as required to warrant recusal under 28 U.S.C. §§ 144 or 455(b). Accordingly, the Court finds that Torns's Motion to Recuse should be denied.

Through his current motion, Torns also requests that the Court reconsider its July 25, 2008, Opinion and Order by which his Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion") was denied. Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. Under this Rule, an order may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).

Torns does not argue that reconsideration is necessary based on newly discovered evidence or because there has been an intervening change in law. Instead, he argues that reconsideration is required because the Court erred in (1) refusing to grant his Rule 60(b) Motion as confessed; (2) finding that his Rule 60(b) Motion, to the extent it was predicated on Rule 60(b)(3), was untimely; and (3) finding that the alleged action of Respondent did not rise to the level of "fraud on the court" under controlling Fifth Circuit precedent. The Court, having reviewed the arguments raised by Torns in his Motion for Reconsideration, finds that it did not err in making its prior findings, and that it did not err in denying Torns's Rule 60(b) Motion. Accordingly, the Court finds that Torns's Motion for Reconsideration should be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration Pursuant to Fed. R. Civ. Proc. Rule 59(e), and Recusal Under 28 U.S.C. § 144 [Docket No. 74] is hereby denied.

SO ORDERED this the 8th day of October, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE